**Bernice M. TROMBLY, Plaintiff,**

v.

**F. Ray MARSHALL, Defendant.**

**Civ. A. No. 79–1575.**

United States District Court,
District of Columbia.

April 29, 1980.

---

Douglas L. Parker, Washington, D. C., for plaintiff.

Edward A. Scallet, Dept. of Labor Plan Benefits Security Div., Washington, D. C., for defendant.

Cynthia Wicker, Stanley T. Kaleczyc, Jr., National Chamber Litigation Center, Washington, D. C., for defendant-intervenor.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

Pursuant to the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 (hereinafter ERISA), 29 U.S.C. § 1132, plaintiff has sued the Secretary of Labor to enjoin certain practices allegedly in violation of several provisions of ERISA. Defendant Secretary of Labor and intervenor defendant Chamber of Commerce have moved for dismissal, or alternatively for summary judgment. Plaintiff has also moved for summary judgment. The issues have been extensively briefed by all parties. For the reasons discussed below, we find that plaintiff lacks a private cause of action to maintain this lawsuit, and we grant summary judgment for the defendants.

### FACTS

At the time of her husband's death, plaintiff Bernice Trombly was a named benefi-ciary of a pension plan participated in by her husband through his employer, the American Chain and Cable Company, Inc. (hereinafter ACCO). A brief booklet issued by ACCO in 1973 to describe benefits under the plan, provided in pertinent part:

> A survivor's benefit will be payable to the wife (or husband) of an employee under either of the following two circumstances: a) An active employee who died and who is 50 or more and who has completed 15 or more years of continuous service.

. . . . .

Plaintiff's husband died on January 8, 1975, at the age of 54 years, after having accrued 18 years of continuous service with ACCO. Although the above quoted provision in the pension plan booklet indicates that plaintiff should receive survivor's benefits, these benefits were denied because plaintiff's husband was not eligible for a retirement pension at the time of his death. The booklet noted elsewhere that to be eligible for the award of pension benefits, an employee must meet certain eligibility requirements, which in Mr. Trombly's case included his attaining the age of 55. Because Mr. Trombly died at age 54, he was not eligible for a retirement pension. Plaintiff applied for and was denied survivor's benefits.

The booklet which contained the incomplete information as to plaintiff's right to survivor benefits also contained the following notation, which plaintiff refers to as a disclaimer: [1]

> This booklet is not a part of and does not modify or constitute any provisions of the plan described herein, nor does it alter or affect in any way the rights of any participant under the plan. The plan and all descriptions and outlines thereof are governed by the formal plan document. A copy of this plan is on file at the office of the company and may be inspected, upon request, during normal business hours of any regular working day.

---

1. Although there is some dispute as to what constitutes a disclaimer, we use this terminology for convenience, without expressing a view on precisely what provisions fall under this category.

Plaintiff brings this action against the Secretary of Labor[2] under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), which allows a beneficiary to sue "(A) to enjoin any act or practice which violates any provision of this subchapter ... or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter...." The gravamen of plaintiff's complaint is that the use of disclaimers in material disseminated in connection with a pension plan to summarize rights and obligations under the plan violates ERISA. Three specific violations are alleged.

The first is that the use of disclaimers violates ERISA § 102(a)(1), 29 U.S.C. § 1022(a)(1). This section concerns Summary Plan Descriptions (hereinafter SPD), which are required to be sent to beneficiaries and participants to inform them of their rights and obligations under the plan. Plaintiff alleges that the use of disclaimers violates the statutory requirement that the SPD be "sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan." 29 U.S.C. § 1022(a)(1).

The second alleged violation is that the use of disclaimers constitutes an attempt to relieve fiduciaries from a responsibility or liability imposed under ERISA Subchapter I, Subtitle B, Part 4, 29 U.S.C. §§ 1101-1114, which is prohibited by ERISA § 410(a)(1), 29 U.S.C. § 1110(a). Section 1110(a) provides that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." Plaintiff's allegation is that pension plan administrators are fiduciaries, and that the disclaimer provisions attempt to relieve these fiduciaries of their obligation to act "solely in the interest of the participants and beneficiaries," ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), and of

their obligation to carry out their responsibilities "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

The plaintiff also alleges that the use of disclaimers in SPD's violates the public policies underlying the Act, which favor disclosure of pertinent information to beneficiaries and participants.

The general reasoning underlying plaintiff's opposition to disclaimers is that they lead to inaccuracies in SPD's and make it impossible for participants and beneficiaries to rely on the SPD as a source of accurate information, forcing participants and beneficiaries to resort to the usually complex pension plan document itself. Plaintiff argues that this makes the SPD useless, and thus undermines the clear intent of Congress that beneficiaries and participants be informed in clear, plain, accurate and understandable terms of their rights and obligations under their pension plan.

Prior to the initiation of this action, the Secretary of Labor reviewed these and other arguments during a two and one-half year period when regulations governing SPD's were under consideration. During this rulemaking proceeding, the Institute for Public Representation (INSPIRE), which represents the plaintiff in this action, petitioned the Secretary to provide regulations prohibiting any SPD from containing a disclaimer purporting to protect the drafter of the SPD against errors or misrepresentation in the document. Comment was apparently adverse to prohibiting disclaimers, and the Secretary determined that the SPD regulations should be silent on the issue of disclaimers.

Plaintiff contends that this failure to prohibit disclaimers results in violations of ER-

---

**2.** By order dated September 28, 1979, the Chamber of Commerce's motion to intervene as a party defendant, pursuant to Rule 24(b), Fed.R.Civ.P., was granted.

ISA, and plaintiff seeks a declaration that disclaimers are illegal and an injunction requiring the Secretary of Labor to prohibit the use of general disclaimers in descriptive booklets.

Defendant Secretary of Labor has moved for dismissal for lack of standing or alternatively, for summary judgment. Defendant Chamber of Commerce has moved for dismissal for lack of standing, for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted, or alternatively, for summary judgment. Plaintiff has filed a motion for summary judgment.

*ANALYSIS*

We find that plaintiff has failed to state a claim upon which relief can be granted because plaintiff lacks a private cause of action under ERISA to maintain this lawsuit.[3] Because we considered matters outside the pleadings[4] in making this determination, we treat defendant Chamber of Commerce's motion pursuant to Rule 12(b)(6), Fed.R.Civ.P., as a motion for summary judgment, as required by Rule 12(b)(6).

Plaintiff bases her cause of action on the civil enforcement provisions of ERISA § 502, 29 U.S.C. § 1132. Section 1132(a)(3) provides:

(a) A civil action may be brought (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

Plaintiff alleges she is a beneficiary under her deceased husband's pension plan with ACCO. A beneficiary is defined by ERISA § 3(8), 29 U.S.C. § 1002(8) as "a

person designated by a participant, or by the terms of an employee benefit plan, *who is or may become entitled to a benefit thereunder*," (emphasis supplied). We find that plaintiff does not meet this statutory definition of "beneficiary."

In a letter dated March 18, 1975, plaintiff was informed by ACCO's Director of Employee Benefits that because her husband was not eligible for an immediate pension at the time of his death on January 8, 1975, plaintiff was not eligible for survivor's benefits under the terms of the plan. By letter dated October 23, 1975 to plaintiff's brother-in-law (who intervened with ACCO on behalf of plaintiff because she questioned the denial of survivor's benefits), ACCO's vice president of Industrial Relations informed Mr. Trombly that the full Pension Board met on September 30, 1975 to review plaintiff's case and determined that plaintiff was not entitled to benefits under the plan. This letter indicates that plaintiff was also informed of the Pension Board's determination. We also have reviewed the pension plan and have reached the conclusion that plaintiff was precluded from receiving survivor's benefits under provisions of the plan.

Section IV, Paragraph 10 of ACCO's Pension Plan for Certain Salaried and Other Employees, amended January 1, 1973, provides for surviving spouse's benefits in pertinent part as follows:

10. Surviving Spouse's Benefit

(a) With respect to any employee who dies on or after January 1, 1970, after attainment of age 50, and either (i) at a time (A) when he is accruing continuous service and after he has completed at least 15 years continuous service, or (B) before application for pension and after a break in continuous service which occurred on or after January 1, 1970, after attainment of age 50 *and under conditions of eligi-*

---

**3.** Because of this disposition, it is not necessary to consider the question of plaintiff's standing to bring this suit, an aspect of the constitutional requirement that there be a "case or controversy." We likewise do not reach the question whether the Secretary had the discretion to

adopt the regulations of August 31, 1977 or whether his action was arbitrary or capricious.

**4.** The material we considered was submitted for the record as Joint Stipulation of Facts.

*bility for retirement on immediate pension,* ... his surviving spouse, if any, shall be eligible for a monthly benefit (hereinafter 'surviving spouse's benefit'), as set forth below. (emphasis supplied).

Section III of the Pension Plan enumerates the various eligibility criteria for retirement pensions. Section III Paragraph 1, (c), determines the eligibility for a retirement pension of a person in Mr. Trombly's situation. It provides in pertinent part:

1. Eligibility for Retirement Pensions.

(c) 1. Any present or future employee who on or after August 31, 1962 (January 1, 1969 commencing January 1, 1970) shall have had at least fifteen years continuous service *and who (i) shall have attained the age of 55 years and whose combined age and years of continuous service shall equal 75 or more* (70 or more commencing January 1, 1970) or (ii) whose combined age and years of continuous service shall equal 80 or more, and .... (emphasis supplied).

Because plaintiff's husband died at the age of 54, under the terms of the plan he was thus ineligible for a retirement pension at the time of his death. Paragraph 10 of Section IV precludes the award of survivor's benefits to the spouse of anyone not eligible for an immediate retirement pension at the time of his or her death. Because the Pension Board correctly determined well in advance of this lawsuit that plaintiff is entitled to no survivor's benefits under the plan, and because the plan nowhere provides for other benefits to which plaintiff is entitled, we conclude that plaintiff is not a "beneficiary" as that word is defined in ERISA, and thus, that plaintiff has no cause of action under ERISA § 502, 29 U.S.C. § 1132.

We find support for our decision in a somewhat analogous case brought under the Welfare and Pension Plans Disclosure Act, 29 U.S.C. § 301 *et seq.,* the predecessor to ERISA. In that case [5] the plaintiff successfully sought monetary recovery from his former employer under a provision of the Act requiring disclosure, under financial penalty, to a "participant" of a profit sharing plan. Section 302(a)(6) of the Act defined a participant as "any employee or former employee of an employer or any member of an employee organization *who is or may become eligible to receive a benefit of any type from an employee welfare or pension benefit plan....*" (emphasis supplied). Relying on this language, the Fifth Circuit reversed the District Court's award of penalties to plaintiff because the plaintiff was not a "participant" at the time he sought disclosure under the Act. The Fifth Circuit based its decision on the fact that prior to seeking disclosure, plaintiff was notified by the Profit-Sharing Committee that his share in the profit-sharing plan had been forfeited because he had violated a forfeiture provision of the plan by engaging in employment in competition with his former employer. The court reasoned that because plaintiff's share had been forfeited prior to seeking disclosure under the Act, he was not then a "participant" entitled to the disclosure under the Act.

We similarly reason that because plaintiff in this action was not, at the time she initiated this action, a person "who is or may become entitled to a benefit" under ACCO's pension plan, plaintiff has no cause of action under ERISA to maintain this action.

An order consistent with the foregoing has been entered this day.

---

**5.** *Golden v. Kentile Floors, Inc.,* 512 F.2d 838 (5th Cir. 1975).